FILED APR27'26PM3:31
MDGA-MAC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

BRIAN MCARTHUR,
Petitioner,

v.

GOLDMAN SACHS BANK USA,
Respondent.

Case No.:

PETITION TO VACATE ARBITRATION AWARD (IN PART)

I. INTRODUCTION

Respondent asserted a single counterclaim seeking $7,108.81. In its only merits submission, Respondent expressly withdrew that counterclaim in the amount of $7,108.81. Respondent did not thereafter reassert, argue, or request recovery of that amount under any theory.

Despite the absence of any live claim for $7,108.81, the arbitrator awarded Respondent that exact amount. Because no claim for that relief was submitted for decision, the arbitrator exceeded his authority. Petitioner seeks vacatur of that portion of the award only.

II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the dispute submitted to arbitration included claims arising under federal law, including the Fair Credit

Reporting Act, 15 U.S.C. § 1681 et seq. This action seeks vacatur of a portion of the resulting arbitration award pursuant to 9 U.S.C. § 10(a)(4).

This Court has authority to vacate the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10(a)(4).

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Petitioner resides in this District and the dispute is connected to this District.

This Petition is timely under 9 U.S.C. § 12 because it is filed within three months of the arbitration award dated January 30, 2026.

## III. FACTUAL BACKGROUND

A. One Counterclaim for $7,108.81

Respondent's Answering Statement asserted a single counterclaim seeking $7,108.81.

(Exhibit A)

B. Express Withdrawal of That Counterclaim

In its only merits submission, Respondent stated:

"At this time, due to an account ownership and servicing change, GS Bank hereby withdraws its counterclaim... in the amount of $7,108.81."

(Exhibit B)

That submission contains no request for $7,108.81, no argument for monetary relief, and no reassertion of any claim.

C. Award of the Same $7,108.81

Despite that withdrawal, the arbitrator awarded Respondent $7,108.81. That amount corresponds exactly to the withdrawn counterclaim. No subsequent submission reintroduced or sought recovery of that amount.

(Exhibit C)

## IV. ARGUMENT

The Arbitrator Exceeded His Authority

Under the Federal Arbitration Act, an award must be vacated where the arbitrator exceeds his powers. 9 U.S.C. § 10(a)(4). Courts have consistently held that an arbitrator's authority is limited to the claims properly before him and have vacated awards where an arbitrator decided claims not properly submitted for decision. See Geneva Securities, Inc. v. Johnson, 138 F.3d 688, 692 (7th Cir. 1998) (vacating award where arbitrator considered claims not properly before him).

Here, the situation is more straightforward: the claim was not merely outside the arbitrator's scope—it was expressly withdrawn by Respondent in its only merits submission. Respondent withdrew its only counterclaim for $7,108.81 and did not present, argue, or request recovery of that amount thereafter under any theory. No claim for $7,108.81 was before the arbitrator at the time of decision.

The arbitrator nevertheless awarded $7,108.81. By awarding relief on a claim that had been expressly withdrawn and was not submitted for decision, the arbitrator exceeded his authority, and the award must be vacated.

## V. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1.  Vacate the portion of the arbitration award granting Respondent $7,108.81;

2.  Leave the remainder of the award undisturbed; and

3.  Grant such other relief as the Court deems appropriate.

## VI. CONCLUSION

Respondent asserted one counterclaim for $7,108.81, withdrew that claim, and did not reassert it under any theory in any subsequent submission. Because no claim for $7,108.81 was before the arbitrator at the time of decision, the award of that amount exceeded the arbitrator's authority and must be vacated.

Respectfully submitted this 27th day of April 2026,

Brian McArthur

Petitioner, Pro Se

157 Ball Street

Jackson, Georgia 30233

Bcmac1101@gmail.com