IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BRIAN MCARTHUR,             :
                                    :

    Plaintiff,            :

                                    :

v.                              :        No. 5:26-CV-158 (CAR)

                                    :

GOLDMAN SACHS BANK USA,  :

                                    :

    Defendant.         :

_____:

## ORDER DISMISSING CASE

The Court ordered *pro se* Plaintiff Brian McArthur to show cause why this case should not be dismissed for lack of subject matter jurisdiction.[1] In his Response, Plaintiff asserts the Court has federal question jurisdiction over his Petition to Vacate Arbitration Award in Part brought under Section 10 of the Federal Arbitration Act ("FFA") because the dispute submitted to arbitration included claims arising under federal law.[2] But, as explained in the Court's prior Order to Show Cause, federal question jurisdiction over a Section 10 application cannot arise from federal claims asserted or issues raised in the underlying dispute submitted to arbitration.[3] As a result, the Court does not have federal question jurisdiction over this case, and no other ground for subject-matter jurisdiction

---

[1] Doc. 8.

[2] Doc. 9.

[3] Doc. 8 at 2 (citing *Badgerow v. Walters*, 596 U.S. 1, 8 (2022)).

exists. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

Because the Court denied Plaintiff's Motion to Proceed *in forma pauperis*,[4] then directed Plaintiff to pay the $405.00 filing fee if Plaintiff wished to proceed with this action,[5] and now dismisses this case after inquiring into subject-matter jurisdiction *sua sponte*,[6] the Court will refund Plaintiff's filing fee. Although Plaintiff has no right to a refund of his filing fee, the Court exercises its discretion in this limited circumstance and **DIRECTS** the Clerk of the Court refund Plaintiff his full filing fee.[7]

**SO ORDERED,** this 14th day of July, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Doc. 3. The Court denied Plaintiff's Motion to Proceed *in forma pauperis* because his affidavit did not satisfy the requirement of poverty. *Id.*

[5] *Id.*

[6] Doc. 8.

[7] *See, e.g., Eaton v. Winn-Dixie Stores, Inc.*, No. 3:18-CV-921-J-34MCR, 2019 WL 13063442 (M.D. Fla. Mar. 19, 2019) (dismissing case for lack of subject matter jurisdiction and ordering the clerk of court to refund the *pro se* plaintiff's filing fee); *Guillaume v. Hyde*, No. 20-60276-CIV, 2020 WL 3317042 (S.D. Fla. June 18, 2020), *aff'd sub nom. Guillaume v. U.S. Dep't of Veterans Affs.*, 847 F. App'x 627 (11th Cir. 2021) (same); *Wannamaker v. USAA Banking*, No. 3:22CV10841-MCR-HTC, 2022 WL 17477956 (N.D. Fla. Sept. 27, 2022) (same).